Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY NGUYEN, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ENDOLOGIX, INC., JOHN MCDERMOTT, and VASEEM MAHBOOB,<br><br>　　　　Defendants. | Case No: 2:17-cv-00017-AB-PLA<br><br>CLASS ACTION<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER CONTINUING HEARING AND BREIFING DEADLINES ON DEFENDANTS' RULE 11 MOTION**<br><br>**Filed Concurrently Herewith:**<br>　(1) Declaration of Laurence M. Rosen in Support of *Ex Parte* Application;<br>　(2) [Proposed] Order<br><br>JUDGE:　Hon. André Birotte Jr.<br>DATE:　　TBD<br>TIME:　　TBD<br>CTRM:　　7B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1. **PLEASE TAKE NOTICE** that pursuant to Local rule 7-19, Lead Plaintiff Vicky Nguyen, ("Plaintiff"), by and through her counsel, hereby applies to the Court *ex parte* for an Order Continuing the Hearing and Briefing Deadlines on Defendants Endologix, Inc. ("Endologix") John McDermott and Vaseem Mahboob (together with Endologix, "Defendants") Motion Seeking Sanctions Pursuant to Federal Rule of Civil Procedure 11 (the "Rule 11 Motion") to an appropriate date following the Court's decision on Plaintiff's Motion to Partially Lift the PSLRA Discovery Stay (Dkt. No. 31) (the "Stay Motion"), scheduled to be heard on August 18, 2017.

The basis for this *ex parte* is simple. As explained in Plaintiff's Stay Motion, if the Court is to consider the evidence submitted by Defendants in connection with their Rule 11 Motion, Plaintiff must be permitted to take limited discovery concerning such evidence. Plaintiff's opposition to the Rule 11 Motion is due on August 11, 2017, seven days before the Court even hears Plaintiff's Stay Motion. Plaintiff's Stay Motion must be adjudicated- and if the Court permits the discovery sought by the Stay Motion, discovery must take place- prior to the deadline for Plaintiff to file her opposition to the Rule 11 Motion. Plaintiff therefore requests that this Court continue the briefing deadlines and hearing in connection with Defendants' Rule 11 Motion until the Court decides the Stay Motion, and then reset the deadlines and hearing for the Rule 11 Motion based upon its decision on the Stay Motion.

The name, address, and telephone number of counsel for all parties are as follows:

Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450

- 2 -
PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING HEARING AND BREIFING DEADLINES ON DEFENDANTS' RULE 11 MOTION, 17-CV-00017-AB-PLA

1 Los Angeles, CA 90071
Telephone: (213) 785-2610
2 Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com
3

4
Jason de Bretteville
5 Justin N. Owens
Kenneth P. Hsu
6 STRADLING YOCCA CARLSON & RAUTH, P.C.
7 660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
8 Telephone: (949) 725-4000
Facsimile: (949) 725-4100
9

10

11      Counsel for Defendants received notice of this *ex parte* application on July

12 19, 2017. See Declaration of Laurence M. Rosen In Support of Plaintiff's *Ex Parte*

13 Application For Order Continuing Hearing and Briefing Deadlines on Defendants'

14 Rule 11 Motion ("Rosen Dec") ¶2. Defendants intend to oppose Plaintiff's

15 application. Rosen Dec. ¶2. There has been one previous request for a

16 continuance in this case. Defendants informed Plaintiff that they would be unable

17 to attend the hearing on the Stay Motion noticed for August 11, 2017 due to travel.

18 Accordingly, the parties requested that the Court continue the hearing to August

19 18, 2017. (Dkt. No. 35). The Court granted the request. (Dkt. No. 37).

20

21

22 DATED: July 26, 2017       **THE ROSEN LAW FIRM, P.A.**

23      By: <u>Laurence M. Rosen, Esq.</u>
24      Laurence M. Rosen, Esq. (SBN 219683)
     355 S. Grand Avenue, Suite 2450
25      Los Angeles, CA 90071
     Telephone: (213) 785-2610
26

27
28 PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING
HEARING AND BREIFING DEADLINES ON DEFENDANTS' RULE 11
MOTION, 17-CV-00017-AB-PLA

Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Sara Fuks, Esq. (admitted *pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: sfuks@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On June 21, 2017 Plaintiff's Counsel received a letter from counsel for Defendants (the "June 21 Letter") threatening to file a Rule 11 motion for sanctions, asserting that Plaintiff's First Amended Complaint ("FAC") falsely attributes statements to a former employee of Endologix who provided information to Plaintiff's Counsel's investigator and was named as Confidential Witness 1 in the FAC ("CW1"). Dkt. No. 31-2. The June 21 Letter was accompanied by a Declaration signed by CW1 (the "Disputed Declaration") in which CW1 recants the factual allegations attributed to him in the FAC. The Disputed Declaration also introduces counter-facts which not only address the merits of the case, but also directly dispute the facts alleged in the FAC (the "Disputed Allegations"). The basis for Defendants' Rule 11 Motion is that Plaintiff's Counsel did not conduct an adequate pre-filing investigation because they did not personally confirm the Disputed Allegations with CW1. The foundation of the Rule 11 Motion is CW1's Disputed Declaration which denies the truth of the Disputed Allegations in the FAC.

On June 22, 2017 Plaintiff's Counsel sent a letter to Defendants' counsel informing Defendants' Counsel, *inter alia*, that filing the Disputed Declaration with the Court was an improper mechanism to get evidence before the Court in advance of a motion to dismiss and that Plaintiff would request discovery in connection with the Rule 11 Motion which would require a Court order lifting the PSLRA stay. Dkt. No 31-3.

Counsel for Plaintiff and Defendants met and conferred by phone on June 23, 2017. Rosen Dec. ¶3. During the telephonic meet and confer, Plaintiff's

1  Counsel stated that Plaintiff would agree to postpone the motion to dismiss
2  deadlines until after the resolution of the then-unfiled Rule 11 motion if
3  Defendants would stipulate to a partial lift of the PSLRA stay so that the parties
4  could take discovery concerning the Rule 11 motion, in which Plaintiff would
5  request, *inter alia*, all documents concerning communications or attempted
6  communications between Defendants and/or their counsel and CW1 subsequent to
7  the filing of the FAC as well as an order compelling CW1 to attend and testify at a
8  Rule 11 hearing, so that Plaintiff could obtain evidence and cross-examine CW1
9  concerning the circumstances under which CW1 executed the Disputed
10 Declaration and recanted his prior statements to Plaintiff's investigator. Counsel
11 for Defendants agreed, and stated that they would draft and circulate a stipulation
12 to that effect. Rosen Dec. ¶3.

13 However, on June 26, 2017 Defendants' Counsel informed Plaintiff's Counsel
14 that they changed their position and would not agree to discovery on the
15 anticipated Rule 11 motion. Rosen Dec. ¶4; Exhibit 1. In particular, Defendants'
16 Counsel withdrew their agreement to permit Plaintiff to cross-examine CW1 at the
17 Rule 11 hearing. *Id*. Notwithstanding Defendants' failure to keep their agreement,
18 Plaintiff informed Defendants that Plaintiff would still stipulate to continuing the
19 date for filing Defendants' motion to dismiss until after Plaintiff's Stay Motion and
20 Defendants' Rule 11 Motion were heard. *Id*.

21 On June 29, 2017 Defendants formally served the Rule 11 Motion on Plaintiff.
22 Rosen Dec. ¶5. Defendants again attached the Disputed Declaration to the Rule 11
23 Motion. Plaintiff was aware that given Rule 11's safe harbor provision Defendants
24 would be permitted to file their then unfiled Rule 11 Motion with the Court on July
25 19, 2017 (Fed. R. 11(c)(2)); that, a hearing on the anticipated Rule 11 Motion

26
27
28

could be noticed for August 21, 2017, making the deadline for Plaintiff to file an opposition to Defendants' Rule 11 Motion July 31, 2017.

On July 6, 2017 Plaintiff filed Stay Motion. (Dkt. No. 31). The Stay Motion requests that the Court either exclude the Disputed Declaration or permit Plaintiff to conduct limited discovery in connection with the Disputed Declaration and Defendants' Rule 11 Motion. Plaintiff noticed the Stay Motion for hearing on August 7, 2017. *Id*. Given the Court's revised schedule for hearing civil matters (Dkt. No. 33) the hearing on the Stay Motion was rescheduled to take place on August 11, 2017. (Dkt. No. 34). Because Defendants' Counsel is unable to attend a hearing on August 11, the parties requested, and the Court so ordered, that the hearing on the Stay Motion be continued to August 18, 2017. (Dkt. No. 37).

Also on July 6, 2017, prior to filing the Stay Motion with the Court, Plaintiff's Counsel contacted Defendants' Counsel requesting that Defendants either postpone filing the Rule 11 Motion until the Court rules on the Stay Motion or, alternatively, stipulate to continue all deadlines in connection with the Rule 11 Motion until the Court has ruled on the Stay Motion. Rosen Dec. ¶6; Exhibit 2. Defendants refused. *Id*. Plaintiff's Counsel also notified Defendants' Counsel that if Defendants refused to postpone or stipulate to continue the Rule 11 Motion until the Court rules on the Stay Motion Plaintiff would file a motion to continue the hearing on the then-unfiled Rule 11 motion and briefing deadlines associated therewith until the Court rules on the Stay Motion, and requested that Defendants enter into a stipulation to shorten time in connection with the motion to continue such that they motion to continue could be heard prior to the then-anticipated deadline for Plaintiff's opposition to the Rule 11 Motion. *Id*. Defendants refused, necessitating the filing of the instant *ex Parte* application. *Id*.

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES
17-CV-00017-AB-PLA

1. On July 17, 2017 Defendants' Counsel emailed Plaintiff's Counsel notifying it that Defendants intended to file their Motion to Dismiss Plaintiff's FAC the following week.  Rosen Dec. ¶6; Exhibit 3.  On July 18, 2017 Plaintiff's Counsel emailed Defendants' Counsel asking why Defendants were going to file their motion to dismiss given that Plaintiff had agreed to postpone the filing and briefing of the motion to dismiss until the Court rules on the Rule 11 Motion.  *Id*.

On July 19, 2017 Plaintiff's Counsel and Defendant's Counsel met and conferred by telephone.  Rosen Dec. ¶2. Plaintiff's Counsel informed counsel for Defendants that once Defendants' planned Rule 11 Motion was on file Plaintiff would file the instant *ex parte* application to continue the hearing and deadlines on the Rule 11 Motion.  *Id.* Plaintiff's Counsel asked Defendants Counsel if they would oppose the instant *ex parte* application.  *Id*.  Counsel for Defendants stated that they would indeed oppose the application.  *Id*.

On July 21, 2017 Defendants filed the Rule 11 Motion, noticing a hearing on the Rule 11 Motion for September 1, 2017 (Dkt. No. 36).  Defendants submitted the Disputed Declaration to the Court with their Rule 11 Motion.  Pursuant to the Local Rules, Plaintiff's opposition to Defendants' Rule 11 Motion is due on August 11, 2017.  Because the Court's decision on Plaintiff's Stay Motion will affect the disposition of the Rule 11 Motion and because under the current timeline Plaintiff's opposition to the Rule 11 Motion is due prior to the Court's hearing on Plaintiff's Stay Motion, Plaintiff requests that the Court continue the Rule 11 hearing and postpone the briefing in connection therewith pending the resolution of Plaintiff's Stay Motion.   It simply makes sense to address the Rule 11 Motion after the Stay Motion is decided.

Accordingly, Plaintiff requests that the Court set an appropriate schedule for the Rule 11 Motion, whereby the deadlines associated with the Rule 11 Motion are continued until after the Court decides the Stay Motion. A proposed schedule which takes into account the Court's possible rulings on the Stay Motion is set forth below and in the proposed order submitted herewith.

## II.   *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Plaintiff merely seeks to continue the Rule 11 Motion until the Court has ruled on Plaintiff's pending Stay Motion given the interplay between the Stay Motion and the Rule 11 Motion, which requires that the Stay Motion be decided prior to Plaintiff filing an opposition brief to the Rule 11 Motion. This matter could not be addressed by a regularly-noticed motion consistent with the timing required under Local Rule 7.

Courts have granted *ex parte* applications under analogous circumstances. *See, e.g., Twin City Fire Insurance Co. v. Spry,* SACV-13-1042 –AF(ANx), 2013 WL 12116391 (C.D. Cal. Nov. 15, 2013) (granting *ex parte* application to permit plaintiff to conduct jurisdictional discovery in connection with defendants' motion to dismiss, and continuing hearing on motion to dismiss to accommodate that discovery).

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES
17-CV-00017-AB-PLA

Plaintiff attempted to avoid this difficulty through discussions with counsel for Defendants prior to Defendants' filing the Rule 11 Motion. Prior to filing the Stay Motion, Plaintiffs' Counsel contacted counsel for Defendants and requested that Defendants agree to either postpone filing the Rule 11 Motion until the Court has ruled on the Stay Motion, or stipulate to continue all deadlines in connection with the Rule 11 Motion until the Court has ruled on the Stay Motion. Rosen Dec ¶6; Ex 2. Defendants refused and chose to ignore Plaintiff's request regarding filing and noticing a hearing for the Rule 11 Motion.

**A. Plaintiff Will Face Unfair Prejudice If This Application Is Denied**

As explained in Plaintiff's Stay Motion, if the Court considers the Disputed Declaration submitted in connection with Defendants' Rule 11 Motion, and Plaintiff is not permitted to conduct discovery concerning the circumstances under which CW1 executed the Disputed Declaration and recanted his prior statements to Plaintiff's investigator (and hence establish the adequacy of Plaintiff's pre-filing investigation) Plaintiff will be deprived of due process in having to defend itself against Defendants' Rule 11 Motion and the potential imposition of severe penalties while effectively blindfolded.

In turn, if the instant application is not granted, Plaintiff will have to oppose Defendants' Rule 11 Motion before the Court has had the opportunity to decide Plaintiff's Stay Motion and accordingly to decide whether Plaintiff should be permitted to conduct discovery in connection with Defendants' Rule 11 Motion.

And as explained in Plaintiff's Stay Motion, Defendants' Rule 11 Motion seeks an extraordinary remedy. Rule 11 sanctions are reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable, or without legal

foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344-45 (9th Cir. 1988). The remedy of sanctions is so extraordinary because its effects are so severe, having implications and repercussions that can extend far beyond the case in which they are imposed.

The Stay Motion requests that the Court consider an issue which is a precursor to consideration of the Rule 11 Motion: the appropriate evidence to be considered on the Rule 11 Motion and Plaintiff's rights to cross-examination and discovery in order to present a full defense to Defendants' Rule 11 Motion. These are no doubt significant issues which implicate Plaintiff's fundamental rights. It is therefore important that the Court address the issues raised by the Stay Motion prior to the deadline for Plaintiff's to oppose Defendants' Rule 11 Motion.

**B. Defendants Created This Problem Despite Plaintiff's Efforts**

Plaintiff has repeatedly informed counsel for Defendants that it would move the Court to lift the PSLRA stay so that Plaintiff could conduct limited discovery in connection with Defendants' Rule 11 Motion or in the alternative to have the Court exclude the Disputed Declaration. Regardless of Defendants' position opposing the relief sought by Plaintiff's Stay Motion, they have refused to accommodate Plaintiff's request to have the Stay Motion heard prior to the deadline for Plaintiff to oppose the Rule 11 Motion.

As noted herein, prior to filing the Stay Motion with the Court, Plaintiff's Counsel contacted Defendants' Counsel requesting that Defendants either postpone filing the Rule 11 Motion until the Court has ruled on the Stay Motion or alternatively, stipulate to continue all deadlines in connection with the Rule 11 Motion until the Court has ruled on the Stay Motion. Rosen Dec. ¶6; Exhibit 2.

Defendants refused. *Id.* Plaintiff's Counsel also notified Defendants' Counsel that if Defendants refused to postpone or stipulate to continue the Rule 11 Motion until the Court rules on the Stay Motion, Plaintiff would file a motion to continue the hearing on the Rule 11 motion and briefing deadlines associated therewith until the Court rules on the Stay Motion, and requested that Defendants enter into a stipulation to shorten time in connection with the motion to continue such that the motion to continue could be heard prior to the then-anticipated deadline for Plaintiff's opposition to the then-unfiled Rule 11 Motion. *Id.* Defendants refused. Accordingly, despite Plaintiff's efforts, Defendants have remained unwilling to come to an agreement with Plaintiff that allows the Court to hear the Stay Motion and then Rule 11 Motion, in a logical fashion, necessitating the filing of the instant *ex parte* application.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court continue the deadlines and hearing on Defendants' Rule 11 Motion until after the Court issues a ruling on Plaintiff's Stay Motion. Accordingly, Plaintiff requests that the Court enter the following schedule:

| Plaintiff's Opposition to Defendants' Rule 11 Motion: | *If the Court grants the Stay Motion and Excludes the Disputed Declaration*: 30 days after entry of the Court's Order.<br><br>*If the Court grants the Stay Motion and orders discovery in connection with the Disputed Declaration and Defendants' Rule 11 Motion*: 30 days after the conclusion of discovery on the Rule 11 Motion and Disputed |
|---|---|

| | |
|---|---|
| | Declaration.<br><br>***If the Court denies the Stay Motion:***<br>30 days after entry of the Court's Order. |
| Defendants' Reply in Support of Rule 11 Motion: | 30 days after Plaintiff files its opposition to Defendants' Rule 11 Motion. |
| Hearing on the Rule 11 Motion: | The earliest available hearing date, at least 14 days after Defendants have filed their reply in support of their Rule 11 Motion. |

Dated: July 26, 2017                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: Laurence M. Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Sara Fuks, Esq. (admitted *pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: sfuks@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 26, 2017                                  /s/Laurence M. Rosen
                                                              Laurence M. Rosen