Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY NGUYEN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENDOLOGIX, INC., JOHN MCDERMOTT, and VASEEM MAHBOOB,<br><br>Defendants. | Case No.: 2:17-cv-00017-AB-PLA<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. André Birotte Jr.<br>Hearing Date: September 29, 2017<br>Time: 10:00 a.m.<br>Courtroom: 7B |

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................1

II.   PERTINENT BACKGROUND .........................................................................1

III.  ARGUMENT ........................................................................................................3

  A.   Legal Standard .................................................................................................3

  B.   The Action Was Properly Assigned To The Western Division.....................4

  C.   Transfer is Not Warranted Because Defendants Fail To Show Venue Is More
     Convenient In The Southern Division ...........................................................6

    1.   The Location of Relevant Agreements ......................................................6

    2.   This Court is Fully Familiar with the Governing Law............................6

    3.   Plaintiffs' Choice of Forum Favors the Western Division .....................7

    4.   The Parties' Contacts with the Forum and the Contacts Relating to Plaintiff's
      Causes of Action .........................................................................................9

    5.   Litigation Costs Would Be No Lower in the Southern Division.............10

    6.   The Consolidation of Other Claims........................................................12

    7.   The Availability of Compulsory Process to Compel Attendance of Unwilling Non-
      Party Witnesses .........................................................................................12

    8.   Because Evidence is Largely Electronic, Ease of Access to Evidence is Not Relevant
      ......................................................................................................................12

    9.   The Southern Division Has No Local Interest in this Matter ...............13

    10.   Comparative Case Congestion Favors the Western Division.............13

    11.   Defendants Have Failed to Show That Convenience of the Witnesses Favors
      Transfer .....................................................................................................14

IV.   CONCLUSION ..................................................................................................15

1

2

# TABLE OF AUTHORITIES

3

**Cases**

4

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,

    666 F. Supp. 2d 1109 (C.D. Cal. 2009) .................................................................7

*Cardoza v. T-Mobile USA Inc.*,

    No. 08-5120 SC, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009) ............................8

*Carty v. Health-Chem Corp.*,

    567 F. Supp. 1 (E.D. Pa. 1982) ......................................................................9, 14

*Commodity Futures Trading Comm'n v. Savage*,

    611 F.2d 270 (9th Cir. 1979)................................................................................4

*Decker Coal Co. v. Commonwealth Edison Co.*,

    805 F.2d 834 (9th Cir. 1986)...................................................................3, 6, 10

*Exch. Comm'n v. RPM Int'l, Inc.*,

    223 F. Supp. 3d 110 (D.D.C. 2016) ...................................................................13

*Gates Learjet Corp. v. Jensen*,

    743 F.2d 1325 (9th Cir. 1984) ...........................................................................13

*Gulf Oil Corp. v. Gilbert*,

    330 U.S. 501 (1947)..............................................................................................7

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,

    179 F.R.D. 264 (C.D. Cal. 1998) .........................................................................3

*Hawkes v. Hewlett-Packard Co.*,

    No. CV-10-05957-EJD, 2012 WL 506569 (N.D. Cal. Feb. 15, 2012)..................7

*In re AES Corp. Sec. Litig.*,

    240 F. Supp. 2d 557 (E.D. Va. 2003) ...................................................................9

*In re Ferrero Litig.*,

    768 F. Supp. 2d 1074 (S.D. Cal. 2011)..............................................................11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In re Triton Ltd. Sec. Litig.*,

   70 F. Supp. 2d 678 (E.D. Tex. 1999) ......................................................................9

*John Nuveen & Co. v. New York City Hous. Dev. Corp.*,

   No. 86 C 2583, 1986 WL 5780 (N.D. Ill. May 9, 1986) ......................................9

*Jones v. GNC Franchising, Inc.*,

   211 F.3d 495 (9th Cir. 2000).................................................................................6

*Kogok v. Fields*,

   448 F. Supp. 197 (E.D. Pa. 1978) ........................................................................9

*LRN Corp. v. RGA Reinsurance Co.*,

   No. 2:14-CV-05771-SVW-RZ, 2015 WL 13285086 (C.D. Cal. Jan. 20, 2015) .11

*Lung v. Yachts Int'l, Ltd.*,

   980 F. Supp. 1362 (D. Haw. 1997) .......................................................................4

*Microsoft Corp. v. Buy More, Inc.*,

   No. CV 14-9697-R (PLAX), 2015 WL 12791501 (C.D. Cal. Apr. 6, 2015)

   ........................................................................................................................ passim

*Oxford First Corp. v. PNC Liquidating Corp.*,

   372 F. Supp. 191 (E.D. Pa. 1974) ........................................................................9

*Pac. Car & Foundry Co. v. Pence*,

   403 F.2d 949 (9th Cir. 1968)................................................................................4

*Rafton v. Rydex Series Funds*,

   No. C 10-1171 CRB, 2010 WL 2629579 (N.D. Cal. June 29, 2010)..............8, 10

*Raynes v. Davis*,

   No. CV 05-6740 ABC (CTx), 2007 WL 4145102 (C.D. Cal. Nov. 19, 2007)....12

*Real Estate Fund v. ING Investments LLC*,

   47 F. Supp. 3d 209 (D. Del. 2014).....................................................................13

*Safarian v. Maserati N. Am., Inc.*,

   559 F. Supp. 2d 1068 (C.D. Cal. 2008) ................................................ 3, 8, 10, 11

*SEC v. Feng*,

  No. CV 15-9420-CBM-SSx, 2016 WL 7443220 (C.D. Cal. Apr. 7, 2016) ....6, 12

*Shultz v. Hyatt Vacation Mktg. Corp.*,

  No. 10-CV-04568-LHK, 2011 WL 768735 (N.D. Cal. Feb. 28, 2011) .............11

*Starnes v. McGuire*,

  512 F.2d 918 (D.C. Cir. 1974) ...........................................................................13

*Szegedy v. Keystone Food Prod., Inc.*,

  No. CV 08-5369 CAS(FFMX), 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009) .12

*Trendsettah USA, Inc. v. Swicher Int'l Inc.*,

  No. SACV14-01664 JVS (DFMx), 2015 WL 12697653 (C.D. Cal. Feb. 3, 2015)
  ...........................................................................................................................12

*Ultra Violet Burlesque v. Deboer*,

  No. CV15-6641 PSG (AGRX), 2016 WL 7444714 (C.D. Cal. Mar. 8, 2016) ...10

*Van Dusen v. Barrack*,

  376 U.S. 612 (1964) ............................................................................................4

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................1, 3, 6

Lead Plaintiff Vicky Nguyen ("Plaintiff") respectfully submits this memorandum in opposition to the motion of Defendants Endologix, Inc. ("Endologix" or the "Company"), John McDermott, and Vaseem Mahboob (collectively, "Defendants") to transfer this action to the Southern Division of the Central District of California pursuant to 28 U.S.C. § 1404(a) (the "Motion").

## I.   INTRODUCTION

This action is a putative federal securities class action brought by investors in publicly traded securities issued by Defendant Endologix.  Endologix is a publicly traded company listed on NASDAQ that develops, manufactures and sells medical devices.  Plaintiff alleges that Defendants made false and misleading statements and/or omitted material facts regarding, *inter alia*, the timing and likelihood of FDA premarket approval of one of its medical devices.

Defendants have moved to transfer this action from this Court to the Southern Division of the Central District of California, but in this case transfer is not warranted.   The Court should deny Defendants' Motion because: (1) Plaintiff's choice of forum is proper and should be given significant weight; (2) contrary to Defendants' assertions Plaintiff properly completed her Civil Cover Sheet; (3) Defendants fail to provide strong grounds to overcome Plaintiff's choice of forum; and (4) Defendants inexplicably waited eight months, during which time they litigated substantive motions, before moving to transfer.  In light of a practical analysis of these factors, Plaintiff's choice of forum should not be disturbed and Defendants' Motion should be denied.

## II.   PERTINENT BACKGROUND

On January 3, 2017, Plaintiff filed this action against Defendants for claims under Sections 10(b) and 20(a) of the Securities Exchange Act.  Dkt. No. 1.  This action was filed on behalf of all those who purchased or otherwise acquired Endologix securities publicly traded on NASDAQ between May 5, 2016 and May 18, 2017, both dates inclusive (the "Class Period").  *Id.* ¶ 1.  On March 29, 2017,

after consolidating this action with a later-filed related action, the Court issued an order appointing Nguyen as Lead Plaintiff and The Rosen Law Firm as Lead Counsel.  Dkt. No. 26.  Plaintiff filed the First Amended Class Action Complaint for Violation of the Federal Securities Laws ("FAC") on May 26, 2017.  Dkt. No. 29.

After Defendants informed Plaintiff of their intent to file a Rule 11 motion regarding the FAC, Plaintiff moved to partially lift the discovery stay on July 6, 2017, and Defendants filed their opposition on July 17, 2017.  Dkt. Nos. 31 and 32.  Defendants filed their Rule 11 motion on July 21, 2017.  Dkt. No. 36. Defendants then filed a motion to dismiss the FAC on July 25, 2017.  Dkt. No. 38. On July 26, 2017, Plaintiff filed an ex parte application to postpone further briefing and the hearing on Defendants' Rule 11 motion.  Dkt. No. 40.  The Court granted Plaintiff's ex parte application, after considering Defendants' opposition, on August 2, 2017.  Dkt. No. 45.  On August 18, 2017, the parties appeared before the Court for oral argument on Plaintiff's motion to partially lift the discovery stay, which is *sub judice*.  *See* Dkt. No. 47.  Finally, after eight months of active litigation including five motions – two of which were filed by Defendants seeking substantive relief – Defendants now seek to transfer this action to the Southern Division and disturb Plaintiff's chosen forum.

Defendants repeatedly claim that they conferred with Plaintiff's counsel and filed their motion to transfer venue "immediately upon discovering" the purported facts underlying their Motion.  Dkt. No. 48 at 5, 11 (admitting that "early detection of this issue would have been preferable").  However, Defendants have failed to identify a single purported fact that was not readily apparent since the initial filing of this action eight months ago.  *Id.*  In fact, Defendants filed both of the motions in this Court after the FAC was filed.  *See* Dkt. Nos. 29 (FAC), 36 (Defendants' Rule 11 motion) and 38 (Defendants' motion to dismiss the FAC). The only real developments in this case since Defendants last sought substantive

relief from this Court were Plaintiff's application to postpone Defendants' Rule 11 motion until after the Court decides Plaintiff's motion to partially lift the discovery stay, the Court's grant of Plaintiff's application over Defendants' opposition, and the hearing before the Court on Plaintiff's motion to partially lift the discovery stay.  Defendants have supplied no other explanation for why they might, only now at this stage of the litigation, seek to transfer this action to a different court within the same District.

## III.   ARGUMENT

The Court should deny Defendants' Motion.  First, contrary to Defendants' assertions Plaintiff accurately filled out the Civil Cover Sheet.   Second, Defendants have failed to make a strong showing that venue would be more convenient in the Southern Division of the Central District of California or that transfer to that venue would be in the interest of justice.  28 U.S.C. § 1404(a).

### A.   Legal Standard

A district court, in its discretion, may transfer a case to a jurisdiction where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."   28 U.S.C. § 1404(a).  In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three general elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice.  *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citing *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998)).

If venue is deemed proper, the movant must present strong grounds for transferring the action, otherwise, the plaintiff's choice of venue will not be disturbed.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").   The burden lies with the moving party to demonstrate that the balance of convenience favors the transfer.

*Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Microsoft Corp. v. Buy More, Inc.*, No. CV 14-9697-R (PLAX), 2015 WL 12791501, at *1 (C.D. Cal. Apr. 6, 2015).  A transfer of venue is not appropriate unless the convenience and justice factors enumerated *strongly* favor venue elsewhere. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 953 (9th Cir. 1968); *see also* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2D § 3848 (2d ed. 1986) (collecting cases in support of the proposition that "the balance of convenience must be strongly in favor of the moving party before a transfer will be ordered").  Courts also recognize a preference to retain the action in the division of plaintiff's choice, and a defendant can overcome this preference only with a strong showing that transfer will "prevent the waste of 'time, energy, and money' and 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1369 (D. Haw. 1997) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)). Finally, a transfer is not appropriate merely to shift the inconvenience from one party to another.  *See Van Dusen*, 376 U.S. at 646.

## B.    The Action Was Properly Assigned To The Western Division

Defendants' argument that Plaintiff's Civil Cover Sheet was filed incorrectly is completely without merit.  As counsel for Plaintiff informed counsel for Defendants, Dkt. No. 48, at 7, Plaintiff did not identify Orange County as the county of residence for "the majority of all plaintiffs" because Plaintiff was filing a putative class action complaint and the residences of other members of the putative class could not be determined at that point.  In fact because this is a putative class action brought on behalf of a class of thousands of plaintiffs who purchased Endologix securities on a national stock exchange, plaintiffs reside all over the country.

Furthermore, Defendants' claim that "it is also undisputed that 'the majority of all named defendants' reside in Orange County" is inapposite to Defendants' argument regarding the Civil Cover Sheet.  Dkt. No. 48, at 7.  As counsel for Plaintiff previously informed counsel for Defendants, at the time Plaintiff filed her initial Complaint and the accompanying Civil Cover Sheet, Plaintiff did not know where the majority of Defendants resided.  Plaintiff's initial Complaint did not include information as to Defendant McDermott's or Defendant Mahboob's residences because Plaintiff did not possess that information at the time Plaintiff filed the action.  Dkt. No. 1.  Thus, Plaintiff did not identify the majority of all named defendants as residing in Orange County because Plaintiff had no information about the residence of two out of the three named defendants.  That Defendants have now informed Plaintiff that the majority of named defendants reside in Orange County, according to the declaration of Defendants' counsel, Dkt. No. 48-1, ¶¶ 1-2, does not render Plaintiff's completion of the Civil Cover Sheet retroactively inaccurate.

In any event, Defendants do not contend that venue is improper in the Western Division – for it undoubtedly is proper here – only that this action "could have," "should have" and "would have" been assigned to the Southern Division, but for Plaintiff's supposed error.  Plaintiff maintains that she properly completed her Civil Cover Sheet in this action and the case was assigned to this Court.  Moreover, even if Plaintiff had identified the majority of plaintiffs or defendants as residing in Orange County, there is no guarantee this action would have been assigned to the Southern Division.  *See, e.g., Microsoft*, 2015 WL 12791501 at *2 ("This case was assigned to the Western Division, despite Plaintiff noting over half of the Defendants reside in Orange County.").  For these reasons the Court should pay no heed to Defendants' belated gripes as to Plaintiff's Civil Cover Sheet and should not transfer this action.

## C.  Transfer is Not Warranted Because Defendants Fail To Show Venue Is More Convenient In The Southern Division

In evaluating a motion to transfer pursuant to 28 U.S.C. § 1404(a), courts in this Circuit have recognized the following factors that may be considered, among others:

> (1) the location where the relevant agreements were negotiated and executed;
> (2) the state that is most familiar with the governing law;
> (3) the plaintiff's choice of forum;
> (4) the respective parties' contacts with the forum;
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum;
> (6) the differences in the costs of litigation in the two forums;
> (7) the feasibility of consolidation of other claims;
> (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses;
> (9) the ease of access to sources of proof;
> (10) administrative difficulties flowing from court congestion; and
> (11) the local interest in having localized controversies decided at home

*SEC v. Feng*, No. CV 15-9420-CBM-SSx, 2016 WL 7443220, at *1 (C.D. Cal. Apr. 7, 2016) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Defendants "must make a strong showing of inconvenience to warrant upsetting a plaintiff's choice of forum."  *Id.*, 2016 WL 7443220 at *2 (quoting *Decker*, 805 F.2d at 843).

### 1.  The Location of Relevant Agreements

This case is a putative class action regarding alleged violations of federal securities laws, and no disputes as to any contracts or agreements are alleged. Therefore this factor does not weigh in favor of transfer.

### 2.  This Court is Fully Familiar with the Governing Law

The Western Division of the Central District of California has plenty of

experience with securities class actions.  For example, since the enactment of the PSLRA (1995) through 2015 only 21 federal securities class actions have gone to trial and 15 have reached a judgment or verdict.[1]  Of these fifteen trials that have reached a judgment or verdict three have taken place in the Western Division of the Central District of California. *See In re American Mutual Funds Fee Litigation,* 04-cv-5593 (GAF) (RNBx) (judgment in favor of defendants); *In re Real Estate Assocs. Limited Partnership Litig.,* 98-cv-7035 (DDP) (AJWx) (verdict in favor of plaintiffs); *In re Homestore.com, Inc.*, *Sec. Litig.*, 01-cv-11115-(MJP)(CWx) (verdict in favor of plaintiffs). As the allegations of the Complaint implicate solely federal securities laws, the Southern Division has no greater familiarity with the governing law in this case than does this Court. *Hawkes v. Hewlett-Packard Co.*, No. CV-10-05957-EJD, 2012 WL 506569, at *5 (N.D. Cal. Feb. 15, 2012) (citing *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1133 (C.D. Cal. 2009)).  Thus this factor does not weigh in favor of transfer.

### 3.    Plaintiffs' Choice of Forum Favors the Western Division

In general, where relevant factors do not strongly favor transfer, "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Plaintiff's counsel, the Rosen Law Firm, has offices in the Western Division, and Plaintiff chose this Court as its forum in part because it is more convenient for her to litigate in.  This case is similar to *Safarian*, where the court noted that "Plaintiff lives in the Western Division. However, the fact that she filed suit in the Southern Division strongly suggests that this forum [the Southern Division] is more convenient for her. Additionally, she has counsel in

---

[1] *See* Recent Trends in Securities Class Action Litigation, 2015 Full-Year Review, Svetlana Starykh and Stefan Boettrich, Jan. 25, 2016 at p. 28, available at:
http://www.nera.com/content/dam/nera/publications/2016/2015_Securities_Trends_Report_NERA.pdf

the Southern Division and the Western Division.  This suggest[s] that she will not be inconvenienced by having the case heard in either division."  559 F. Supp. 2d at 1072.[2]

The court in *Rafton v. Rydex Series Funds*, No. C 10-1171 CRB, 2010 WL 2629579, at *3 (N.D. Cal. June 29, 2010), found that "by choosing to market and sell shares of the Fund nationwide … Defendants exposed themselves to the risk of being sued in the districts in which the Fund's shares were sold. The interests of justice do not favor allowing Defendants … to receive the benefit of their preferred forum."  2010 WL 2629579 at *3.  This Court should find just as the court found in *Rafton*, that "Plaintiff's choice of forum is entitled to substantial weight, *despite the fact that this is a securities class action*."  2010 WL 2629579 at *4 (emphasis supplied) (Refusing to transfer from N.D. Cal. to D. Md.).

Plaintiff has not engaged in forum shopping and Defendants do not claim otherwise.  Defendants have not identified "any tactical advantage that [Plaintiff] would gain" from filing this action in the Western Division.  *Cardoza v. T-Mobile USA Inc.*, No. 08-5120 SC, 2009 WL 723843, at *3 (N.D. Cal. Mar. 18, 2009) (finding no evidence of forum shopping).   Courts have previously granted Plaintiff's choice of forum "substantial deference" when, as here, "[i]t does not seem that Plaintiff is attempting to find a forum that will give her favorable rulings. Instead, it appears that Plaintiff brought this case to [this] Division because counsel's offices are here."  *Safarian*, 559 F. Supp. 2d at 1071.

Defendants, on the other hand, are only now seeking transfer from this Court after filing multiple substantive motions.  Defendants' motive in seeking transfer is questionable given the timing, as this motion promptly followed the

---

[2] Counsel for Defendants also maintains an office in the Western Division, in addition to its office in the Southern Division.  *See* http://www.sycr.com/Santa-Monica-United-States-of-America/; http://www.sycr.com/Newport-Beach-United-States-of-America/.

Court's decision to grant Plaintiff's ex parte application – which Defendants opposed – to postpone Defendants' Rule 11 motion, and the hearing on Plaintiff's motion to partially lift the discovery stay. Defendants have failed to explain precisely what new revelation or development spurred them to move to transfer venue at this advanced point in the litigation.  To the extent that Defendants' curiously-timed motion raises the specter of possible forum shopping, this Court should not grant Defendants' motion to transfer venue.

### 4.   The Parties' Contacts with the Forum and the Contacts Relating to Plaintiff's Causes of Action

Defendants assert that the place of the alleged wrongdoing is Orange County, and that this factor favors transfer.  However, in this putative securities class action, "the place of the alleged wrong is not limited to the [district where the alleged misleading statements were made] due to the nationwide public dissemination of information which forms the basis of this suit." *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 691 (E.D. Tex. 1999).

A number of district courts have sustained venue "in a securities case where a defendant causes false or misleading information to be transmitted into a judicial district, even if the defendant never has been physically present in that district." *In re AES Corp. Sec. Litig.*, 240 F. Supp. 2d 557, 559 (E.D. Va. 2003) (quoting *John Nuveen & Co. v. New York City Hous. Dev. Corp.*, No. 86 C 2583, 1986 WL 5780 (N.D. Ill. May 9, 1986) and *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F. Supp. 191, 197 (E.D. Pa. 1974)).  *See also Carty v. Health-Chem Corp.*, 567 F. Supp. 1, 2 (E.D. Pa. 1982) (finding venue proper because allegedly misleading annual and quarterly reports and a prospectus were sent into the district); *Kogok v. Fields*, 448 F. Supp. 197, 199 (E.D. Pa. 1978) (finding venue proper "based on the mailing of proxy statements, quarterly and annual reports and prospectuses" into the forum).

District courts in California have likewise found that "although Defendants'

alleged misrepresentations and omissions may have occurred in [the transferee venue]," some of the putative class members' "reliance on those misrepresentations, and the resulting harm, occurred here. Thus, not all of the "operative facts" in this case took place in [the transferee venue]." *See Rafton*, 2010 WL 2629579 at *3. Indeed, Defendants' attempts to localize this case to Orange County ignore the worldwide reach of the fraudulent schemes underlying Plaintiff's allegations here. Defendant Endologix conducted its business and sells its products nationwide and globally, not just in Orange County. Its stock trades on a National exchange. Plaintiff's allegations make clear that upon due completion of discovery, victims of and potential witnesses to Defendants' fraudulent scheme may be found far beyond the limits of Orange County. Therefore, transfer of this action to the Southern Division would be premature and unwarranted at this juncture.

Most importantly, as the court stated in *Safarian*, because the Southern Division "is only a modest distance from the Western Division, the convenience of the parties and witnesses does not strongly favor one Division over the other. The Court cannot simply transfer the burden of litigation from Defendant to Plaintiff." 559 F. Supp. 2d at 1072. The Southern Division is only 32 miles from the Western Division. This factor does not weigh in favor of transfer.

**5.    Litigation Costs Would Be No Lower in the Southern Division**

In analyzing this factor, Courts must avoid a transfer that "would merely shift rather than eliminate" litigation costs. *Decker*, 805 F.2d at 843; *Ultra Violet Burlesque v. Deboer*, No. CV15-6641 PSG (AGRX), 2016 WL 7444714, at *2 (C.D. Cal. Mar. 8, 2016). Defendants' only assertion relating to costs is that "[t]o require both Nguyen and Defendants to travel from Orange County to Los Angeles to participate in or observe proceedings in this matter needlessly increases the expense of litigation for *all* Parties." Dkt. No. 48, at 9. However, as noted above, due to the proximity of the Divisions to each other, "the convenience

of the parties and witnesses does not strongly favor one Division over the other." *Safarian*, 559 F. Supp. 2d at 1072.

Additionally, the witnesses Defendants refer to are only Defendants' employees.  Defendants neglect to mention the victims of the underlying fraud, among other of Plaintiff's potential witnesses who may be located nationwide and in international locations.  Courts refuse to transfer cases where, as here, "transfer would decrease Defendant's litigation costs, but it might increase Plaintiffs' costs to the same extent."  *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011); *see also LRN Corp. v. RGA Reinsurance Co.*, No. 2:14-CV-05771-SVW-RZ, 2015 WL 13285086, at *3 (C.D. Cal. Jan. 20, 2015) (finding no evidence that transfer would reduce net expenditure, noting Plaintiff's additional costs in litigating far from its main offices).

Finally, corporate defendants such as Endologix "are better-equipped than individuals to absorb increased litigation costs."  *Ferrero*, 768 F. Supp. 2d at 1081 (quoting *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *6 (N.D. Cal. Feb. 28, 2011).  Transfer of this action would merely "shift rather than eliminate" litigation costs, and therefore this factor weighs against transfer.

The court in *Microsoft*, 2015 WL 12791501 at *1, summed up and adjudged Defendants' position most aptly:

> Here, Defendants' argument is summarily that because Plaintiff did not affirmatively elect the Western Division and the majority of Defendants and key witnesses reside in the Southern Division, transfer is proper. This is not so. … Defendants have failed to identify any substantial burden that litigating in the Western Division will impose. Though they … claim that traveling to the Western Division to litigate will result in extreme and unnecessary costs for Defendants, they have failed to demonstrate a reason why this is so. … Accordingly, the burden on the Defendants or key witnesses to drive the short distance to Los Angeles does not compel transfer.

### 6.   The Consolidation of Other Claims

There are no other cases or claims, in the Southern Division or elsewhere, with which this action could be consolidated.  Therefore this factor does not weigh in favor of transfer.

### 7.   The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Defendants do not directly address this factor.  Non-party witnesses may just as likely reside in this Division or in locations beyond the reach of the subpoena power of either Division, and thus this factor does not favor transfer. *See Trendsettah USA, Inc. v. Swicher Int'l Inc.*, No. SACV14-01664 JVS (DFMx), 2015 WL 12697653, at *5 (C.D. Cal. Feb. 3, 2015).   Moreover, Defendants have made "no showing that important non-party witnesses would be 'unwilling' to testify at trial wherever it is held."   *C.f. Raynes v. Davis*, No. CV 05-6740 ABC (CTx), 2007 WL 4145102, at *4 (C.D. Cal. Nov. 19, 2007) (finding this factor weighs against transfer).

### 8.   Because Evidence is Largely Electronic, Ease of Access to Evidence is Not Relevant

As the Central District has recently noted, "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Szegedy v. Keystone Food Prod., Inc.*, No. CV 08-5369 CAS(FFMX), 2009 WL 2767683, at *6 (C.D. Cal. Aug. 26, 2009).   Here, "Defendants do not offer evidence indicating that discovery will implicate unique types of information or documents that cannot easily be digitized and electronically transmitted to this district." *Feng*, 2016 WL 7443220 at *4 (finding "that the ease of access to sources of proof factor does not weigh in favor of transfer").   Plaintiffs are not aware of where Defendants' documents are stored because discovery has not commenced, but given that such documents will primarily be stored in electronic form, this will be

no great burden in any case.  Thus this factor does not weigh in favor of transfer.

### 9.  The Southern Division Has No Local Interest in this Matter

The causes of action alleged in this Complaint pertain to the United States securities laws, the enforcement of which is a national interest.  *See Sec. & Exch. Comm'n v. RPM Int'l, Inc.*, 223 F. Supp. 3d 110, 118-119 (D.D.C. 2016) (finding this factor did not support transfer because "the alleged violation of federal securities laws "is not a local dispute affecting only the local residents") (internal quotation omitted); *Cox on Behalf of ING Glob. Real Estate Fund v. ING Investments LLC*, 47 F. Supp. 3d 209, 213 (D. Del. 2014) ("securities litigation does not constitute a local controversy in most cases").

Defendants have asserted no specific local interest of Orange County in this matter other than the conclusory assertion that "this action presents a highly localized controversy" because "virtually all of the alleged misconduct occurred in Orange County, particularly at Endologix's headquarters in Irvine."  Dkt. No. 48 at 10.  As in *Microsoft*, "the Southern Division has no more interest in adjudicating this action than the Western Division. Both divisions are within the Central District of California and both divisions' courts are bound by the same precedent and serve the same Central District population."  2015 WL 12791501 at *2.  "Because the two divisions are nearby, there is little, if any, difference in local interests or burdens."  *Id.*  Therefore this factor does not weigh in favor of transfer.

### 10.  Comparative Case Congestion Favors the Western Division

With regard to relative court congestion, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket."  *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) (citing *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974) (*en banc*) and 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3854 at 289–91 (1976)).  "Determinative here is the

courts' congestion. This case was assigned to the Western Division, despite Plaintiff noting over half of the Defendants reside in Orange County, specifically to ease the courts' congestion. Thus, the public interest heavily favors denying the instant motion." *Microsoft*, 2015 WL 12791501 at *2.

### 11. Defendants Have Failed to Show That Convenience of the Witnesses Favors Transfer

Defendants claim that the convenience of the witnesses favors transfer but offer as evidence nothing but conclusory assertions that simply because Endologix is headquartered in Orange County, all relevant witnesses will be located there as well.  Despite Defendants' claims that "the majority of relevant witnesses and likely evidence are based in Orange County," Dkt. No. 48, at 10, "there is no apparent reason that sources of proof in the Southern Division are difficult to access by those litigating in the Western Division."  *Microsoft*, 2015 WL 12791501 at *2.  Furthermore, to the extent that witnesses reside in Orange County their depositions can take place in Orange County.  "Accordingly, the burden on the Defendants or key witnesses to drive the short distance to Los Angeles does not compel transfer." *Id.* at 1.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to transfer this action to the Southern Division of the Central District of California.

Dated:   September 8, 2017                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Sara Fuks, Esq. (admitted *pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: sfuks@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2017, I electronically filed the

foregoing ***Memorandum in Opposition to Defendants' Motion to Transfer***

***Venue*** with the Clerk of Court using the CM/ECF system, which will send

notification of such to all CM/ECF participants.

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*