Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY NGUYEN, Individually and on behalf of all others similarly situated, | Case No: 2:17-cv-00017-AB-PLA |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| ENDOLOGIX, INC., JOHN MCDERMOTT, and VASEEM MAHBOOB, | |
| Defendants. | |

Lead Plaintiff Vicky Nguyen respectfully submits this Notice of Supplemental Authority to apprise the Court of a recent decision by the Court of Appeals for the Ninth Circuit in *Cooper v. Thoratec Corp.*, No. 15-17369, 2017 WL 4422840, at *1 (9th Cir. Oct. 4, 2017) (attached hereto as Exhibit A). This decision, which was released after Plaintiff filed her opposition to Defendants' Motion to Dismiss (Dkt. No. 58), is pertinent to certain arguments made by Defendants in support of their pending motion. In *Thoratec*, the Ninth Circuit reversed the district court's dismissal of claims arising under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 for failure to adequately allege a false and misleading statement.

Thoratec is a medical device manufacturer that sold a heart pump used to support heart function and blood flow in people with heart failure. *Cooper v. Thoratec*, 2014 WL 12644026, at *2 (N.D. Cal. Nov. 26, 2014). One of the complications with the device is thrombus or thrombosis. *Id*. Thoratec marketed the device as durable, safe and thromboresistent and indicated that the device had a 2% rate of thrombosis. *Id*. Plaintiffs alleged that in reality the number of incidents of thrombosis were dramatically increasing, and that defendants were aware of this increase in adverse events based on reports from health care professionals, patients and consumers. *Id*. The Complaint alleged that this data was collected in a company database that was public and that Defendants knew based on this data that the rate of thrombosis was significantly higher than the 2-3% rate that was established during clinical trials. *Id* at *3, *6. Plaintiffs alleged that despite this knowledge defendants failed to disclose the increase in the thrombosis rates and also made misleading and/or false statements to investors by making statements stating that thrombosis rates were very low, and remained consistent. Id. at *3.

The district court granted defendants' motion to dismiss holding that defendants had not mischaracterized any of the underlying data and that the increasing adverse reports of thrombosis did not necessarily mean that the rate of

thrombosis was increasing. Id at *9-10.  The district further held that even if the rates of thrombosis were increasing plaintiff failed to show that defendants' statements were false when made because defendants acknowledged reports of possible increased rates of thrombosis and variability of rates of thrombosis across centers that used the device.  *Id*.

>   '[A] statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.' During the class period, Thoratec received data on HeartMate II thrombosis events that strongly suggested thrombosis rates were significantly higher than initially advertised. The company's affirmative statements during the class period downplayed this increase. Appellants have accordingly alleged, with sufficient specificity to survive appellees' motion to dismiss, that Thoratec's statements were misleading.

The Ninth Circuit reversed holding:

*Cooper v. Thoratec Corp.*, No. 15-17369, 2017 WL 4422840, at *1 (9th Cir. Oct. 4, 2017) (quoting *In re Cutera Sec. Litig*., 610 F.3d 1103, 1109 (9th Cir. 2010)).

As set forth in Plaintiff's FAC and opposition to Defendants' Motion to Dismiss, Defendants' affirmative statements concerning Nellix, which omitted any reference to the reports and data concerning migration in Europe, gave investors the misleading impression that there was no serious impediment to FDA approval of Nellix in the U.S.

Here, Defendants argue that because the U.S. Clinical Study of Nellix met its endpoints, Defendants' silence concerning the reports of migration in Europe is not actionable.  (Dkt. No. 61 at p. 4).  Defendants further argue that their statements downplaying the reports of migration from Europe are not actionable because public studies concerning migration were known to analysts.  (Dkt. No. 61 at p. 7).  As explained above, these arguments are in direct conflict with the Ninth Circuit's ruling in *Thoratec*.  Defendants' statements here, like the statements downplaying the increase in thrombosis at issue in *Thoratec*, gave investors "'the

impression of a state of affairs that differs in a material way from the one that actually exists.'" *Cooper v. Thoratec Corp.*, No. 15-17369, 2017 WL 4422840, at *1 (9th Cir. Oct. 4, 2017) (quoting *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1109 (9th Cir. 2010)).

DATED: November 6, 2017                    **THE ROSEN LAW FIRM, P.A.**

By: <u>Laurence M. Rosen, Esq.</u>
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Sara Fuks, Esq. (admitted *pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: sfuks@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 6, 2017                                     /s/Laurence M. Rosen
                                                                              Laurence M. Rosen